## STATE, EX REL., NASH v. COWHICK, REGISTER OF DEEDS.

DEEDS — EXECUTION IN OTHER STATES — SUBSCRIBING WITNESSES.

1. To entitle a deed to be recorded, when executed in another State, it must be executed in accordance with the laws of this State, and in presence of a subscribing witness.

[Decided March 6, 1900.]

ERROR to the District Court, Laramie County, Hon. Richard H. Scott, Judge.

Mandamus to require the Register of Deeds of Laramie County to receive for record, and record in his office a deed to lands in said county, executed in the State of Kansas, without having a subscribing witness.    From a judgment denying the mandamus prayed for, the relator brought the case to the Supreme Court on error.

*John C. Baird*, for the relator, referred to the various statutory provisions of the State, and contended that under Section 2744 of the Revised Statutes, authority

exists for the execution of a deed in another State without a witness, if the laws of that State do not require a witness.    It was insisted that this was one of the matters sought to be remedied by omitting the former requirement for a certificate, in cases of the execution of deeds in another State.

*H. Waldo Moore*, for defendant in error, contended that the Statutes make it plain that a deed is only authorized to be recorded when executed according to the laws of this State, and that there is no provision permitting a deed to be executed in another State without a witness.

POTTER, CHIEF JUSTICE.

The relator seeks the aid of the court by mandamus to compel the Register of Deeds of Laramie County to accept and record in his office a deed executed in the State of Kansas, conveying to the relator certain lands lying in said county.    The action was heard in the district court. upon the petition, answer, and an agreed statement of facts; and the application for the writ was denied.    The cause comes to this court upon error.

The deed is signed by the grantor; and its execution was acknowledged before a Notary Public in the county of Shawnee, in the State of Kansas.    There was no subscribing witness.    The allegation in the petition that the deed is executed and acknowledged according to the laws of Kansas, is not controverted in the answer, but it is averred that the instrument contains nothing showing that fact.    It is admitted by the statement of facts that, when the deed was tendered for record, the respondent was shown a volume of laws of Kansas purporting to be published by authority, and that the respondent read the portion of such laws relating to the requirements for the execution of deeds in said State; and that said laws are silent respecting the matter of subscribing witnesses.

It is also admitted that the deed would be received and recorded if it be witnessed by a subscribing witness, that the only ground for refusing to record it is the absence

of such a witness; and that no certificate attached to the deed shows its execution to have conformed to the laws of Kansas.

The sole question for determination is, whether the deed is entitled to record.

It is contended on behalf of relator that a deed covering lands in this State, if executed in another State, may be executed according to the laws of that State, and will, when so executed, become entitled to record here.

As our laws require that a deed executed within the State, shall be attested by a subscribing witness, it is conceded in the brief that, in the absence of a statute of this State so permitting, a deed executed in another State, without a witness, but executed according to the laws of such other State, would not be entitled to record; and it is not claimed that we have a statute which, in express terms, authorizes a deed to be executed in another State pursuant to the laws thereof. It is, however, argued that such is the necessary effect of the provisions of Section 2744, Revised Statutes.

The question is not free from difficulty, as its solution depends upon the interpretation which should be placed upon a statute far from clear.

The duty of the Register of Deeds is prescribed in Sections 2759 and 2760 of the Revision. They are as follows:

"Sec. 2759. Any Register of Deeds who shall receive for record any deed, mortgage, or other instrument affecting the title to real estate, which is not executed, acknowledged, attested, or approved in accordance with the provisions of this title (title 1, Div. 2), shall be liable to a penalty of one hundred dollars, payable to the party aggrieved, in an action of damages for the same."

"Sec. 2760. Unless otherwise provided by law, it shall be the duty of the Register of Deeds of each county to receive and record at length all such deeds, mortgages, conveyances, patents, certificates, and instruments as shall be left with him for that purpose, and he

shall indorse on every such instrument the day and hour on which the same was filed for record."

Section 2754 which provides that a certificate of the acknowledgment of any deed shall entitle it to record, would seem to conflict with Section 2759, which prohibits the recording of a deed unless it be executed as well as acknowledged in accordance with the statutory provisions; but to harmonize the two sections, it is evident that we must construe the word "deed" as employed in Section 2754, as applying to an instrument otherwise duly executed. Such an interpretation does not, we think, in view of the other provisions of law, do any violence to the language used, but best carries out the manifest spirit and intent of the whole statute.

We come, then, to the question whether the deed in controversy is properly executed, it having no subscribing witness. Although the determination of this question must finally rest upon the provisions of Section 2744, that section will be the better understood by a reference to some of the preceding and succeeding provisions.

It is provided by Section 2741 that deeds, executed in this State, shall be executed in the presence of one witness, who shall subscribe the same as such, and that the grantor shall acknowledge the execution thereof before any judge or clerk of a court of record, or a United States Court Commissioner, or any County Clerk, Justice of the Peace, or Notary Public, within the State. Section 2742 authorizes a deed to be acknowledged before the clerk of any court of record within or without the State. Section 2743 authorizes the clerks of the circuit and district courts of the United States, within and for the district of Wyoming, to take acknowledgments and administer oaths under the law of this State.

Section 2745 provides that any deed, executed in another State, territory, district or country, according to the laws of this State, and acknowledged before a clerk of a court of record, county clerk, or a commissioner appointed under the provisions of Section 2748 shall have

the same force and effect as if executed and acknowledged within this State.

Section 2746 regulates the execution of deeds in a foreign country, and provides that they may be executed according to the laws of this State, and acknowledged before a consul general, consul, or vice-consul of the United States.

It will be observed that none of the sections of the statute above referred to, cover the case of a deed executed in another State and acknowledged before a notary public of that State. Section 2744 contains the only provisions of the statute affecting a deed so executed. That section reads as follows:

"Section 2744. Any deed, mortgage, conveyance, power of attorney or instrument in writing requiring an acknowledgment executed outside of this State, may be acknowledged before any officer authorized by law to take acknowledgments at the place where such acknowledgment is taken. Whenever the officer taking such acknowledgment has no seal, the certificate of such officer shall have attached thereto the certificate of the clerk of court of record, or a county clerk, of the same place, having a seal, certifying that the officer taking the acknowledgment is authorized to take the same, and that he believes that the signature appended to the acknowledgment is genuine. Each instrument of writing as aforesaid, executed and acknowledged as aforesaid, shall be as valid and have the same force and effect as if executed in this State according to the provisions of this title."

As it now stands, this section was enacted in 1890 (L. 1890, ch. 61, Sec. 1) as an amendment of Section 11 of the Revised Statutes of 1887. Prior to such amendment the section was as follows:

"If any such deed, mortgage, or conveyance shall be executed in any other State, territory, or district of the United States, or in any foreign country, such deed, mortgage, or conveyance may be executed according to the laws of such State, territory, district, or country, and

may be acknowledged before any officer authorized by the laws of such State, territory, district, or country, to take the acknowledgment of deeds, mortgages, or conveyances therein, or before any commissioner appointed by the governor of this territory for such purposes; provided, that if such deed, mortgage, or conveyance is not acknowledged before a clerk of a court of record, county clerk, or a commissioner appointed as aforesaid, it must have attached thereto a certificate of the clerk of a court of record or other proper certifying officer, or a county clerk, of the county or district within which such acknowledgment was taken, under the seal of his office, that the person whose name is subscribed to the certificate of acknowledgment was, at the date thereof, such officer as he is therein represented to be, that he verily believes the signature of such person subscribed thereto to be genuine, and that the deed, mortgage, or conveyance, is executed and acknowledged according to the laws of such State, territory, district, or country; if any such deed, mortgage, or conveyance, executed as aforesaid, be acknowledged before a clerk of a court of record, county clerk, or commissioner appointed as aforesaid, then the officer taking the acknowledgment shall certify that such deed, mortgage, or conveyance is executed and acknowledged according to the laws of such State, territory, district, or country.''

Anterior to 1890, therefore, the statute expressly permitted a deed to be executed in another State in conformity with the laws thereof ; and a method by certificate was provided for showing its proper execution. At that time Section 2741 aforesaid was known as Section 8 of the Rev. Statutes of 1887, and was in the same condition as at present.

By the amendment of 1890, however, the express authority for the execution of a deed in another State according to the laws thereof, as previously permitted by that section, was omitted, and the Legislature was content with making provision only for the acknowledgment of a

deed executed out of the State; and it was declared that a deed so executed might be acknowledged before any officer authorized to take acknowledgments at the place where the acknowledgment is taken. That act of 1890, by a separate section, which is now 2753 of the recent revision, required every notary public, justice of the peace, and commissioner of deeds for Wyoming, to add to his certificate of acknowledgment the date of the expiration of his commission or term of office.

It is here contended that the last clause of Section 2744 has the effect to render a deed properly executed which is executed in another State without a witness, but is acknowledged before an officer authorized to take acknowledgment in that State. That clause is that " Each instrument of writing as aforesaid executed and acknowledged as aforesaid shall be as valid and have the same force and effect as if executed in this State, according to the provisions of this title." ( Title 1, Div. 2. )

The objection to counsel's interpretation of such clause is as it seems to us, that the section of which said clause is a part, does not attempt to regulate the manner of the execution of a deed in another State, except so far as its acknowledgment is concerned. The provision is that deeds executed in another State *may be acknowledged* before certain officers. There is an entire absence of any sort of provision affecting the execution as distinguished from the acknowledgment. The absence of such a provision can hardly be accounted for upon the theory that acknowledgment constitutes the execution; because throughout the statute acknowledgment is distinguished from execution. The words " executed " and " acknowledged " are not used interchangeably, but are employed in such a manner as to render it entirely clear that the Legislature did not employ the term "acknowledgment" or "acknowledged" as comprehending complete execution of an instrument.

We have no doubt but that the execution of a deed may properly be spoken of, and perhaps often is, as

including the requisite acknowledgment, and indeed every other essential act related to the making of a legal conveyance ; but we are aware of no usage in the employment of language, or of legal terms, which would warrant the assumption that a provision regulating the acknowledgment of the execution of an instrument was intended to cover the other matters usually connected with the execution which in ordinary course precedes the acknowledgment.

In the case of the making of a conveyance by a grant or in foreign lands, the statute not only prescribes the officers before whom the deed may be acknowledged, but also the manner in which it shall be executed ; and it is provided that the laws of this State are to govern ; which, it will doubtless be conceded, means the laws controlling the execution of a deed within the State.

In Section 2745 the practice adopted by the Legislature, already adverted to, is further illustrated, where it is declared that a deed which shall be executed according to the laws of this State, *and acknowledged before,* etc., shall have the same effect as if *executed* and *acknowledged* within this State.

Recurring now to the last clause of section 2744, we notice that it places a deed " *executed* and *acknowledged* as aforesaid " upon the same footing " as if *executed* in this State, according to the provisions of this title."

In that section nothing whatever is said concerning the method of execution as distinguished from acknowledgment. It provides that " an instrument of writing requiring an acknowledgment *executed* outside of this State, may be *acknowledged* before any officer," etc. But the formalities, if any, essential to the due execution of such a deed are not specified in the section. We are thus confronted with a condition of the statutes which furnish no permission for the execution of a deed in another State pursuant to the laws of that State.

We are of the opinion that the character of the amendment of former Section 11 of the Revision of 1887, by the act of 1890, establishes beyond peradventure that the

intention was to require deeds when executed in another State to be executed with the same formalities as if the execution had occurred in this State. The original provision for execution according to the laws of the State where executed was omitted. The provision for an official certificate showing due execution, according to the laws of the State, where executed was also omitted, and that this omission occurred by design, we think is not subject to reasonable doubt. The provision for certificate of official character of the person taking the acknowledgment was not brought into the amended section, but for it was substituted the requirement that the officer should add to his certificate the date of the expiration of his commission or term of office, if the officer should be either a commissioner of deeds for Wyoming, or a notary public, or a justice of the peace. Evidently the possession of the seal of the county or the court, was deemed a sufficient evidence or guaranty of official character, when a county clerk or clerk of court should take the acknowledgment.

It is impossible to avoid the conclusion that by the act of 1890, aforesaid, which gave us Section 2744 in its present condition, the purpose was to discontinue the authority previously existing for the execution of deeds outside this State in a manner different from that which prevailed in the State. No other provision of the statutes which controlled the execution of conveyances of real estate permitted such execution pursuant to the laws of another State, and the one section which did permit it was so amended as to omit the provision so permitting it. The rule would thus be made uniform requiring a subscribing witness in all cases. We think, not only, that such was the intention of the lawmaking power, but that such construction of the statutes is the most reasonable.

As the deed in question was not executed in the presence of a subscribing witness, it was not executed in accordance with Title 1 of Division 2 of the Revised Statutes of 1899, and therefore the county clerk was not required to receive it for record.

The judgment of the district court denying the writ of mandamus is affirmed.

*Affirmed.*

CORN, J., and KNIGHT, J., concur.